IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JEAN PAUL PIERRE,

    Plaintiff,

vs.                                        CIVIL ACTION NO.: CV502-071

Sgt. TAYLOR,

    Defendant.

## ORDER

Plaintiff, an inmate presently incarcerated at Tensas Detention Center in Waterproof, Louisiana, filed his complaint pursuant to 42 U.S.C. § 1983. The Plaintiff was granted leave to proceed with his claim *in forma pauperis*. Defendant has moved for a dismissal of Plaintiff's claim.

The Court is reluctant to rule on said motion without receiving a response from the Plaintiff or insuring that Plaintiff is advised of the potential ramifications caused by his failure to respond. Once such a motion is filed, the opponent should be afforded a reasonable opportunity to respond to or oppose such a motion. Although it is past the time for Plaintiff to respond, the Court must consider that the Plaintiff in this case is a *pro se* litigant. Haines v. Kerner, 404 U. S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652 (1972). When a defendant files a motion to dismiss, the court must construe the complaint liberally in favor of plaintiff, taking all facts alleged by the plaintiff as true. Miree v. Dekalb County, 433 U.S. 25, 27 n.2, 97 S. Ct. 2490, 2492, 53 L. Ed.2d 557 (1977); Blum v. Morgan Guar. Trust Co., 709 F.2d 1463, 1466 (11th Cir. 1983). The Supreme Court in Conley v. Gibson, 355 U.S. 41, 45, 46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957) stated that:

> [i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

The granting of a motion to dismiss is disfavored and rare. Sosa v. Coleman, 646 F.2d 991, 993 (5th Cir. Unit B June 1981).[1] Furthermore, a claim, especially one presented in a 42 U.S.C. § 1983 case by a *pro se* litigant, should not be dismissed unless it appears that the plaintiff can prove no facts which would entitle him to relief. Dykes v. Hosemann, 743 F.2d 1488, 1499 (11th Cir. 1984) Furthermore a local rule, such as Local Rule 7.5 of this court,[2] should not in any way serve "as a basis for dismissing a *pro se* civil rights complaint where, as here, there is nothing to indicate plaintiff ever was made aware of it prior to dismissal." Mitchell v. Inman, 682 F.2d 886, 887 (11th Cir. 1982).

Accordingly, Plaintiff is hereby **ORDERED** to file any objections to the Defendant's motion for a dismissal, or to otherwise inform the court of his decision not to object to Defendant's motion within twenty (20) days of the date of this Order. See Griffith v. Wainright, 772 F.2d 822, 825 (11th Cir. 1985)(espousing importance of strict adherence to notice requirements in *pro se* motions for summary judgment). Should Plaintiff not timely respond to Defendant's motion, the Court will determine that there is no opposition to the motion. See Local Rule 7.5. In order to assure that Plaintiff's response is made with fair notice of the requirements of the Federal Rules of Civil Procedure regarding motions to dismiss, generally, and motions to dismiss for failure to state a claim upon

---

[1] Decisions of the former Fifth Circuit, Unit B, rendered after September 31, 1981, are binding precedent in this Circuit. Stein v. Reynolds Securities, Inc., 667 F.2d 33, 34 (11th Cir. 1982).

[2] Local Rule 7.5 states:

> Unless . . . the assigned judge prescribes otherwise, each party opposing a motion shall serve and file a response within fifteen (15) days of service of the motion, except that in cases of motions for summary judgment the time shall be twenty (20) days after service of the motion. Failure to respond shall indicate that there is no opposition to a motion. (emphasis added).

2

which relief may be granted, the Clerk of Court is hereby instructed to attach a copy of Rule 41, FED. R. CIV. P., as well as Rule 12, FED. R. CIV. P., to the copy of this Order that is served on the Plaintiff.

**SO ORDERED**, this 5th day of January, 2006

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)